UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD S. SERGEON,

    Plaintiff,

v.        CASE NO. 3:09-CV-01113-J-32JBT

HOME LOAN CENTER, INC.,
a California corporation d/b/a
Lending Tree Loans, and
AURORA LOAN SERVICES,
a Scottsbluff NE corporation,

    Defendants.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Court's August 23, 2010 Order,[2] directing each party to file a memorandum of law addressing the issue whether this action should be dismissed without prejudice or stayed in light of the pending state court foreclosure action.[3] (*See* Doc. 31.) The parties have filed memoranda addressing this issue. (*See* Docs. 36, 37, & 38.) For the reasons stated herein, the Court finds that abstention is

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] The August 23, 2010 Order was issued in connection with the Court's consideration of the two Motions to Dismiss (Docs. 15 & 21), which were referred to the undersigned for a report and recommendation (*see* Doc. 29).

[3] The Court may raise the issue of abstention *sua sponte*. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) ("Indeed, it would appear that abstention may be raised by the court [s]ua sponte."); *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 n.16 (5th Cir. 1977) (discussing *Pullman*-type and *Burford*-type abstention); *see also Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996); *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994).
    This is particularly true where, as here, Plaintiff has been granted leave to proceed *in forma pauperis*. *See Johnson v. Plymouth Park Tax Servs. LLC*, 2010 WL 2710529 (D. Del. July 8, 2010); *Czerwinski v. Bank of Am.*, 2010 WL 2559797 (N.D. Ohio June 22, 2010); *Colley v. U.S. Bank*, 2010 WL 2301683 (D. Neb. June 7, 2010); *Borkowski v. Fremont Inv. & Loan*, 368 F. Supp. 2d 822 (N.D. Ohio 2005). *Cf. Edward v. Dubrish*, 2009 WL 1683989 (D. Colo. June 15, 2009).

appropriate, both under *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Therefore, the undersigned respectfully recommends that this action be **STAYED**, as further explained herein.[4]

**I.     Background**

Plaintiff, Richard S. Sergeon ("Sergeon"), filed his *pro se* Complaint with this Court on November 12, 2009 against Home Loan Center, Inc. ("HLC"), d/b/a Lending Tree Loans, from whom Plaintiff and his wife, Maria Sergeon, obtained a mortgage on their residential condominium in St. Johns County, Florida ("the Mortgage"), and against Aurora Loan Services ("Aurora"), which presently services and allegedly holds the Mortgage. (Doc. 1.) On the same day the Complaint was filed in this case, Aurora had earlier filed a mortgage foreclosure action against Plaintiff, his wife Maria, and two additional defendants in the Circuit Court, Seventh Judicial Circuit, in and for St. Johns County, Florida.[5]

The original Complaint filed with this Court was in two counts. (*Id.*) The first count is labeled "Damages for total Breach of Contract." (*Id.*) The second count is labeled "For Damages for total Breach of Implied covenant of Good Faith and Fair Dealing." (*Id.*) Plaintiff alleges several bases of federal jurisdiction, including diversity of citizenship and

---

[4] The Court will grant, by a separate order, Plaintiff's Motion for Accepting Amended Complaint (Doc. 44). However, the abstention analysis is unchanged by the Amended Complaint (Doc. 44-1).

[5] The case number for the state court action is CA09-3745. The public records demonstrate that the Complaint to Foreclose Mortgage and to Enforce Lost Loan Documents was filed at 12:36 p.m. on November 12, 2009 in state court. Plaintiff's Complaint in this case was filed at 4:02 p.m. on November 12, 2009.
For the purpose of addressing the issues herein, the Court takes judicial notice of the state court public records. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. Apr. 18, 2006) (stating that a court may take judicial notice of public records, such as a complaint filed in another court); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

a number of federal laws, such as the "Federal Truth in Lending Laws." (*Id.*) The allegations of the Complaint primarily attack the validity of the Mortgage, which secures a promissory note ("the Note") in the principal amount of $428,800.00. (Doc. 2 at 4.) For example, Plaintiff alleges that Defendants "contracted Plaintiff['s] home while Plaintiff was under the influence of [multiple medications] causing Plaintiff absolute incoherence." (Doc. 1 at 4.) Plaintiff also alleges that HLC "took advantage of an elderly aging disabled adult, Florida citizen in his Florida home place [and that] Plaintiff in fact made it very clear to Defendant that he was unable to fully comprehend." (*Id.*)

Plaintiff also claims that HLC "contracted fraudulent documents contracts." (*Id.*) Plaintiff alleges he was misrepresented as a borrower on the Mortgage "for the purpose of insuring the (flipping) selling of the Mortgage." (*Id.* at 5.) In addition, Plaintiff states that HLC secured a "highly inflated" appraisal of his condominium so that it could make a higher loan, which would make the loan easier to "flip." (*Id.*) Plaintiff further alleges that HLC "acted in bad faith by placing Plaintiff['s] home in a subprime contract." (*Id*. at 6.)

With respect to the other Defendant, Plaintiff alleges that Aurora failed to provide him with payoff figures on the Note and Mortgage. (*Id.* at 7.) Plaintiff claims that "Aurora threatens Plaintiff and his wife with foreclosure when in fact Aurora Loan was/is at fault." (*Id*.) The Complaint also states that "Plaintiff believes and therefore alleges that Defendant Aurora Loan is in position of an illegal documents mortgage [sic] and is/has been enforcing such document while further charging fees and costs which excel payments." (*Id*. at 8.)

Plaintiff's original Complaint demanded several forms of relief, including "an order declaring totally void and cancelled all documents contracts [sic] pertaining to this cause

of action and held by each herein said Defendant's [sic]." (*Id*. at 10.)  Plaintiff also demanded damages, including punitive damages, costs and all other proper relief. (*Id*.)

On October 14, 2010, Plaintiff filed his Motion for Accepting Amended Complaint (Doc. 44), which this Court will grant by a separate order.  The Amended Complaint (Doc. 44-1) does not change the abstention analysis.  Although Plaintiff attempts to highlight his federal claims, the essential allegations and gravamen of the Amended Complaint are the same as in the original Complaint.  Essentially, Plaintiff is still seeking to void the Mortgage that is the subject of the state foreclosure action on a variety of grounds. (Doc. 44-1 at 16 (demanding an "order further declaring totally void and forever canceled all financial instruments Note and Mortgage").)  For example, Plaintiff alleges that he and his wife were discriminated against "by placing use [sic] and [their] home property in a sub-prime predatory loan product." (*Id.* at 4.)  Moreover, he reiterates the allegations of the original Complaint that he was on multiple medications when he signed the documents (*Id*. at 9), that he was an "aging disabled American," (*Id*. at 10), that HLC artificially inflated the appraisal of his home (*Id*. at 8), and that the subject documents should be declared void (*Id*. at 16).

## II.  *Younger* Abstention Doctrine

The Court of Appeals for the Eleventh Circuit extensively analyzed the *Younger* abstention doctrine in *31 Foster Children v. Bush*, 329 F.3d 1255 (11th Cir. 2003).  First, although the court recognized that abstention is the exception, rather than the rule, it stated that *Younger* abstention "derives from 'the vital consideration of comity between the state and national governments.'"  *Id.* at 1274 (citing *Luckey v Miller*, 976 F.2d 673, 676 (11th

Cir. 1992)). The court stated that "[t]he question ... is threefold: first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The Eleventh Circuit further elaborated on the first and third *Middlesex* factors. *Id.* at 1275-82. Regarding the first factor, the court clarified that not only must there be an ongoing state proceeding, but also "the federal proceeding [must] interfere with the state proceeding." *Id*. at 1275. The court stated further: "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." *Id*. at 1276.

As to the third *Middlesex* factor, the court stated that "the plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims." *Id*. at 1279. Further, quoting *Pennzoil Company v Texaco, Inc.*, 481 U.S. 1, 15 (1987), the court recognized that the "federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Id.*

Before proceeding with an analysis of the application of the *Younger* factors to this case, the Court notes that there are a multitude of federal cases recognizing that *Younger* abstention is appropriate when granting the relief requested in a federal court action would have the effect of interfering with an ongoing state court mortgage foreclosure action. *See Doscher v. Menifee Circuit Court*, 75 FED App. 996, 997 (6th Cir. Sept. 24, 2003); *Moore*

*v. One West/Indy Mac Bank*, 2010 WL 3398855, at *6 (D. Colo. July 12, 2010); *Johnson*, 2010 WL 2710529 at *2; *Czerwinski*, 2010 WL 2559797 at *3; *Colley*, 2010 WL 2301683 at *2; *Edward*, 2009 WL 1683989 at *1; *Borkowski*, 368 F. Supp. 2d at 828.

### A. Plaintiff's Requested Relief, If Granted, Would Interfere with an Ongoing State Judicial Proceeding

It is undisputed that there is an ongoing state judicial proceeding, *i.e.*, the mortgage foreclosure action in St. Johns County, Florida Circuit Court. That action was filed earlier the same day as the federal action.[6] Moreover, there is no question that if this Court were to declare the Mortgage void as requested by Plaintiff, such relief would interfere with the state court mortgage foreclosure action and might in effect end it. *See, e.g., Edward*, 2009 WL 1683989 at *11 (stating that Plaintiff sought a declaration that "the foreclosure sale be deemed null and void"); *Borkowski*, 368 F. Supp. 2d at 828 ("[Plaintiff's] claim that the mortgage interest is invalid is a core issue in that state litigation."). Such a declaration is the central relief requested in the Complaint. In fact, in his response to the state court foreclosure complaint, Plaintiff cites this federal action as a reason for the state court to "cease" the foreclosure action and "remove and remand" the state action to this Court. (*See* Doc. No. 5 in Case No. CA09-3745, dated Dec. 2, 2009 and titled "Respondent Richard S. Sergeon Written Response and Objection to Plaintiff Aurora Loan Services, LLC Filed Complaint to Foreclose Mortgage and to Enforce Lost Documents and Further Objects to Plaintiff Notice of Lis Pendens and Objects to Each and Every Allegation Set

---

[6] The Court does not consider the order of filing particularly significant in this case. The Court treats the filings as practically simultaneous for purposes of abstention. However, as discussed *infra* Part III.H., the Court views this action as reactive to the state court action since Plaintiff was aware that foreclosure proceedings were at least likely, if not imminent or filed, when he filed his Complaint. (Doc. 1 at 7.)

Forth by Plaintiff.") For these reasons, the first prong of the *Younger* abstention test is met.

### B. Mortgage Foreclosure Proceedings Implicate Important State Interests

The second prong of *Younger* abstention, as set forth in *Middlesex*, is whether the ongoing state judicial proceedings "implicate important state interests." *Middlesex*, 457 U.S. at 432. Many courts have recognized that state mortgage foreclosure actions implicate important state interests. For example, in *Johnson*, the district court stated:

> It appears to the Court there is on-going state proceedings for the foreclosure of real property. As the state in which the subject property is situated, Ohio has an important interest in resolving real estate issues impacting the property, and a ruling in the Ohio courts implicates the important interest of preserving the authority of the state's judicial system.

2010 WL 2710529 at *2 (citations omitted); *see also Colley*, 2010 WL 2301683 at *2 (finding that the state court foreclosure action "implicates important state interests"); *Edward*, 2009 WL 1683989 at *11 (stating "the state proceedings involve important state interests, in that the foreclosure action as well as the perfection and recording of liens are matters governed by state law and are traditionally resolved in state courts"); *Borkowski*, 368 F. Supp. 2d at 828 ("The matters presented in the complaint are clearly the subject of a pending state foreclosure matter, which are of paramount state interest.").

This Court agrees that Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference. Therefore, this prong of the *Younger* abstention test is also met.

### C. The State Proceedings Provide an Adequate Remedy for Any Federal Claims

As recognized by the Eleventh Circuit in *31 Foster Children*, Plaintiff has the burden to establish that "the state proceedings do not provide an adequate remedy for [his] federal claims." 329 F.3d at 1279. First, Plaintiff has not even asserted, much less carried his burden of establishing, that the Florida Circuit Court in St. Johns County is an inadequate forum for any federal claims he may have. Second, this Court must assume that the Florida court provides an adequate forum and can provide adequate remedies for any federal claims Plaintiff may have. There is no "unambiguous authority to the contrary."[7] *Id*. (citing *Pennzoil*, 481 U.S. at 15).

For all of the foregoing reasons, the undersigned finds that abstention under *Younger* is appropriate and will, therefore, recommend that this case be stayed.[8]

### III. *Colorado River* Abstention

Having determined that abstention is appropriate under *Younger*, the Court need not address abstention under *Colorado River*. However, for purposes of this Report and Recommendation, the undersigned submits that abstention is also appropriate under *Colorado River*. There are a number of cases in which *Colorado River* abstention is

---

[7] This Court is not blind to recent well-publicized revelations of irregularities in the prosecution of mortgage foreclosure actions in Florida and elsewhere. However, there is no "unambiguous authority" that the Florida Circuit Court in St. Johns County provides an inadequate forum to address any issues that may arise in this case to the extent any such issues implicate federal concerns.

[8] Dismissal without prejudice to refiling, if appropriate, upon completion of the state court action may also be considered. However, the Eleventh Circuit has held that "a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004) (per curiam). Moreover, a stay also appears to be the proper procedural mechanism where abstention is based on the *Younger* doctrine. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam); *see also Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999) (finding "a stay rather than a dismissal is the preferred procedure to use in abstaining" under *Younger*).

applied when a state mortgage foreclosure case is pending. *See Delta Dev. & Constr. Corp. v. Savings One Ass'n*, 637 F. Supp. 629 (S.D. Fla. 1986); *see also St. Clair v. Wertzberger*, 637 F. Supp. 2d 251, 254-55 (D.N.J. 2009); *Degner v. Mortgage Elecs. Registration Sys., Inc.*, 2:05-CV-01256-TJC (E.D. Wis. Jan. 23, 2006). This Court agrees with this line of cases holding that abstention under *Colorado River* is appropriate in these circumstances.

Under *Colorado River* there are essentially two inquiries. The first is whether the state and federal proceedings can be considered parallel. *See, e.g.*, *Ambrosia Coal & Constr, Co. v. Pagés Morales*, 368 F.3d 1320, 1329-30 (11th Cir. 2004). Assuming the actions are parallel, the Court is required to weigh six factors in determining whether abstention is appropriate. These "factors [are] to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at 1330 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983)). As stated by the Eleventh Circuit in *Ambrosia Coal*, the factors are as follows:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

368 F.3d at 1331.

In addition, the Eleventh Circuit quoted *Moses H. Cone* for the proposition that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River.*" *Id*. (citing *Moses H. Cone*, 460 U.S. at 17 n.20). As with *Younger* abstention, a federal court has a

duty to adjudicate any controversy before it and, therefore, the inquiry is weighed against abstention.  *Id.* at 1332.  However, one of the exceptional circumstances explicitly recognized in *Colorado River* as appropriate for abstention is when one "court first assum[es] jurisdiction over property." 424 U.S. at 818.  That circumstance is present in this case.

### A.     The State and Federal Proceedings Are Parallel

In *Ambrosia Coal*, the Eleventh Circuit rejected the argument that in order for *Colorado River* abstention to apply, there must be "identical parties, issues, and requests for relief."  368 F.3d at 1329-30.  In response to that argument, the court stated: "[s]uch formalistic requirements would fly in the face of the Supreme Court's clear efforts to fashion a flexible and holistic test for applying for [sic] the *Colorado River* abstention principle."  *Id.* at 1330.  Thus, the court held that the "*Colorado River* analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues."  *Id.*

In this case, the state and federal proceedings are parallel.  At bottom, both proceedings essentially concern the validity of the Mortgage on Plaintiff's property.  If the Mortgage is declared invalid, the state foreclosure case likely ends, and Plaintiff prevails on the central claim in this federal case.  Thus, the issues are substantially the same.

Although the parties are not identical, they are also substantially the same.  While Maria Sergeon is not a named plaintiff in this case, she is a party to the Mortgage, and a

declaration that the Mortgage is invalid would enure to her benefit as well as Plaintiff's.[9] Moreover, although HLC is not a party to the state court foreclosure action, Aurora is the plaintiff in that action because it allegedly holds the Mortgage. To the extent HLC needs to be made a party to the state court foreclosure action to challenge the validity of the Mortgage, there appears no reason why Plaintiff cannot bring HLC in as a counterclaim defendant. Therefore, considering that the issue of parallelism is to be determined in a pragmatic and flexible manner, the Court finds that the state and federal proceedings are parallel.

### B. The State Court Has Jurisdiction Over the Subject Real Estate

In the Court's view, this is the most important *Colorado River* factor in this case, and it weighs heavily in favor of abstention. At bottom, this is a dispute about Florida real estate, over which the state court has assumed jurisdiction. In *Colorado River*, the Supreme Court recognized: "[i]t has been held . . . that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." 424 U.S. at 818 (citations omitted); *see also St. Clair*, 637 F. Supp. 2d at 255 (holding that *Colorado River* abstention was appropriate when there was a parallel state mortgage foreclosure action in part because "the state court has jurisdiction over the *res*, plaintiff's home, which is located in New Jersey") Thus, this factor weighs heavily in favor of abstention.

### C. The Inconvenience of the Federal Forum

*Ambrosia Coal* instructs that "[t]his factor should focus primarily on the physical proximity of the federal forum to the evidence and witnesses." 368 F.3d at 1332. In this

---

[9] The Affidavit of Maria I. Sergeon, in which she attests to the veracity of the Amended Complaint, is attached to the Amended Complaint as Exhibit 1. (Doc. 44-1 at 18-24.)

case, this factor is essentially neutral, because the St. Johns County Courthouse and the Jacksonville Federal Courthouse are less than forty miles apart. Therefore, although the federal forum may be slightly less convenient than the state forum, this factor is insignificant in this case.

### D. The Potential for Piecemeal Litigation

In *Ambrosia Coal,* the court directed that this factor "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Id.* at 1333. However, *Ambrosia Coal* also recognized that the *Colorado River* case involved adjudication of water rights in a river system, and that was the "single most important factor in the Supreme Court's decision to permit abstention." *Id.* *Ambrosia Coal* noted that the case before it "boils down to a dispute over the validity of a contract that raises none of *Colorado River's* property-specific concerns." *Id.*

In contrast to *Ambrosia Coal*, but similar to *Colorado River*, the case at bar involves a property dispute. Thus, the Court finds that piecemeal litigation in these circumstances would be "abnormally excessive or deleterious." *Id.* Other courts have made similar findings in circumstances involving a pending state mortgage foreclosure action. For example, in *Delta Development* the district court stated:

> This Court, having balanced the elements set forth in the *Colorado River* and *Moses H. Cone* cases, finds such an interference with the orderly and comprehensive disposition of the state court proceeding to be inutile and ill-advised. First, and perhaps foremost, allowing these actions to go forward in federal court will result in piecemeal litigation. . . . Due to the exceptional nature of this litigation and the fact that both the federal and state actions spring from the same transactions or occurrences, fragmented disposition would lead to inconsistent results.

637 F. Supp. at 631.

Because this dispute primarily involves rights in Florida real estate, it is obviously deleterious, to the point of being "abnormally" so, to have two separate courts trying to determine property rights in this condominium. As another court noted in a similar situation, "a federal court ruling that defendants should not have filed the foreclosure action . . . and a contemporaneous state court judgment allowing the foreclosure would throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts." *St. Clair*, 637 F. Supp. 2d at 255.

The same concerns that the *St. Clair* court voiced are present in this case. Should both actions proceed, there is a risk of opposite results, which would throw ownership of the subject condominium into turmoil. In *Colorado River*, the Supreme Court recognized the importance of "'(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)). In short, this third factor of avoiding piecemeal litigation in two separate courts weighs heavily in favor of abstention in this case.

### E. The Order in Which the Courts Obtained Jurisdiction

As previously noted, these actions were filed on the same day, with this action being filed later. However, the Court is directed also to consider "how much progress has been made" in each case. *Ambrosia Coal*, 368 F.3d at 1333. It appears that neither action has made significant progress. However, since some discovery has taken place in this case, this factor weighs slightly in favor of not abstaining.

13

### F.     Whether State or Federal Law Applies

Plaintiff's original Complaint appeared to lean more heavily on state law.  It essentially contained two breach of contract counts.  Although the Complaint mentioned a number of federal laws, it did not include those laws as bases for causes of action.  In his Amended Complaint, Plaintiff relies more heavily on federal claims.  However, these claims appear questionable.  For example, Plaintiff alleges constitutional violations, such as violations of equal protection, against these private entities.  He also alleges violations of the Americans with Disabilities Act ("ADA").  Although the Court is not deciding the merits of these claims, they appear to be an attempt to bolster any federal claims and downplay any state claims.  In short, this factor is neutral since the dispute involves both federal and state claims.

### G.     Adequacy of the State Forum

In *Ambrosia Coal*, the court stated: "[t]his factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights."  368 F.3d at 1334.  Neither party has suggested the inadequacy of either forum.  Thus, this factor is neutral.

### H.     The Reactive or Vexatious Nature of This Action

As recognized in *Moses H. Cone* and *Ambrosia Coal*, the Court may consider the "vexatious or reactive nature" of either litigation.  In this case, this concern also heavily favors abstention.  Essentially, it appears that this action was filed in reaction to the

likelihood, imminence, or actual filing of the mortgage foreclosure action.[10] As previously noted, in his response to the state court foreclosure complaint, Plaintiff asks the state court to "cease" that case because of this one. Clearly, this case is an attempt by Plaintiff to thwart foreclosure of his home. Thus, this consideration weighs heavily in favor of abstention.

### I. Summary

In short, the two proceedings are parallel. The first and third *Colorado River* factors weigh heavily in favor of abstention, as does the reactive nature of this action. The fourth factor weighs slightly in favor of not abstaining. The second, fifth and sixth factors are neutral. These factors are not a "mechanical checklist," but must be considered "flexibly and pragmatically." *Ambrosia Coal*, 368 F.3d at 1332. Considering these factors in that manner, the Court holds that this is a case presenting exceptional circumstances in which notions of comity override this Court's obligation to exercise jurisdiction. Therefore, the undersigned concludes that abstention is proper under *Colorado River* as well as *Younger.*

### IV. Conclusion

For all of the foregoing reasons, it is respectfully **RECOMMENDED** that this case be **STAYED** until final conclusion of the state court foreclosure action.

---

[10] *See supra* note 6. Moreover, had Plaintiff attempted to remove the state court action, he could not have done so since he is a Florida resident. *See* 28 U.S.C. §§ 1332, 1441. To allow him to proceed with this action would be to let him do indirectly what he could not do directly.

**DONE AND ENTERED** at Jacksonville, Florida, on October 26, 2010.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Party

Counsel of Record