

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD S. SERGEON
PLAINTIFF PRO SE

Vs.                                    New Case Number:3:09-cv-1113-J32-JBT

HOME LOAN CENTER, INC.,
d/b/a LENDING TREE LOANS,
a California Corporation and
AURORA LOAN SERVICES,
a Scottsbluff NE. Corporation
DEFENDANTS.
_____/

## COMPLAINT
### (Amended Date:10/14/2010)

## 1. ALLEGATION OF JURISDICTION

1.1. JURISDICTION, founded on diversity of citizenship. Richard S.Sergeon, Plaintiff [herein after referred to as Plaintiff], is a citizen of the State of Florida, with home ownership titled at Saint Johns County Florida in the name of Plaintiff and Maria I. Sergeon [herein after referred to as wife].

1.2. Home Loan Center, Inc., d/b/a Lending Tree Loans, Defendant [herein after referred to as HLC. Lending Tree], is a California Corporation that is wholly owned by Lending Tree, of Delaware both are wholly owned by Tree.com, Inc., a publicly traded company on the NASDAQ Stock Market.

1.3. Aurora Loan Services, Defendant [herein after referred to as ALS], is a Scottsbluff NE company which is wholly owned by Aurora Bank formally known as Lehman Brothers Bancorp, Inc., Aurora Bank, is wholly owned by Lehman Brothers Bancorp, Inc., which is wholly owned

by Lehman Brothers Holdings.

1.4. JURISDICTION, founded on controversy which exceeds, exclusive of interest and cost, the prescribed sum of $75,ooo [United States District Court prescribed sum], as herein after more fully appears.

1.5. JURISDICTION, founded on questions, involving FEDERAL LAWS. The Plaintiff believes, and therefore alleges that both Defendants HLC. Lending Tree, and ALS, violated FEDERAL LAWS STATUTES OF THE UNITED STATES as herein after more fully appear.

2. JURISDICTION, founded on questions, involving The CONSTITUTION OF THE UNITED STATES. The Plaintiff believes he has a duty to give NOTICE to this HONORABLE UNITED STATES DISTRICT COURT and both herein said Defendants of allegations involving violations of The CONSTITUTION OF THE UNITED STATES. The Plaintiff believes, and therefore alleges that both Defendants HLC. Lending Tree, and ALS, violated The CONSTITUTION OF THE UNITED STATES and will herein more fully appear.

3. BACKGROUND

3.1. On the 12th day of November 2009 the Plaintiff filed in this Honorable United States District Court his original Complaint. Fact is however Plaintiff did not have the advantage of any available legal research tools i.e. WestLaw, NexusLexus, or the use of any safe web sight because he had no firewall protection against digital dangers of viruses, spyware, and other on line threats to his computer and back up files. Please see the Exhibit number 1.attached to Plaintiff Motion for filing this Amended Complaint (showing that May 26th 2010 the fire wall Norton was paid for at Staples). The Plaintiff for the past 6 months has done the best that his situation would allow and he apologizes to this Honorable Court for any inconvenience he may

2

have caused. This information should not be construed to mean that Plaintiff now has WestLaw and/or NexusLexus.

3.2. The Plaintiff and both Defendants at our case management meeting agreed that the Plaintiff would file an Amended Complaint however could not agree on the same dates please see the case management report filed May 12th 2010 at number 5 of this here said report. The parties had agreed that Plaintiff will file Amended Complaint but the date was left unsettled. Before the September 20th 2010 date seen in the parties case management report the Plaintiff filed in this Honorable Court Motion (Doc #35) requesting this Honorable Court leave to file 40 pages including exhibits and on or before the date October 30th 2010. Plaintiff was unsure if the Defendants would return discovery requests in time for the Plaintiff to file his Amended Complaint which in fact have not yet been returned although due now. Respectfully, it should be said that Plaintiff did allow for only Defendant HLC. Lending Tree to have more time if needed. The Plaintiff respectfully, reserves his right to supplement his Complaint after receiving discovery Interrogatory answers confirming persons of interest proper spelling of names address and telephone numbers. Plaintiff wises never to assert anyone name in law suit absent absolute double checking - nor will Plaintiff assert claims he can not prove.

3.3. On September 24th 2010 this Honorable Court (Doc #39) ORDERED that the Plaintiff may file a proper motion to Amend his Complaint on or before October 14th 2010. Wherefore, the Plaintiff in respect of this Honorable Court ORDER here respectfully files his Amended Complaint.

4. ALLEGATIONS OF VIOLATION OF THE CONSTITUTION OF THE UNITED STATES.

4.1. Respectfully, the Plaintiff believes that the here following actions on the part of Defendant

3

HLC. Lending Tree violate Constitutional protections. The following considerations are applicable to home mortgages:(a) At the date of making the home loan mortgage did the debt ratios exceed conforming limits? The answer concerning the Plaintiff his wife and home property is NO. (b) Was a request for NINA program made (no income no asset program)? The answer concerning the Plaintiff his wife and home property is NO. ( c ) Did the property have an existing subordinate lien that did not meet a conforming lender's seasoning requirements ? The answer concerning the Plaintiff his wife and home property is NO. (d) Did the collateral qualify for conforming and did the property have any environmental issues ? The answer concerning the Plaintiff his wife and home property is the home property had NO environmental issues, and it had over $100,000 qualifying real collateral equity in it.(e) Did the borrower have four plus outstanding loans sold to Fannie Mae or Freddie Mac ? The answer concerning the Plaintiff his wife and home property is NO. (f) Did all parties intend to occupy the property ? The answer concerning the Plaintiff his wife and home property is yes all parties intended to live here for life. Therefore, the Plaintiff here asserts that it is clear in the facts here shown that the Defendant HLC. Lending Tree without any fair rational or logical reasoning bases discriminates against the Plaintiff his wife and home property by placing use and our home property in a sub-prime predatory loan product. Defendant HLC- Lending Tree actions of treating the Plaintiff his wife and our home property differently rather than treated as the same class of individuals as those individuals whom qualified for the lowest interest rate prime loan product is direct violation of the Equal Protection Clause of the Fourteenth Amendment. The Plaintiff his wife and home property were treated differently without a rational basis for doing so. The Plaintiff wife credit score, the equity in our home property and ability to pay at the time were all more than qualified

4

for treatment in the class of individual qualifying for prime loan product - not a sub-prime predatory loan product. Please see attached Exhibit number 1. (Original lender document showing credit score 700). Respectfully, not a lot of people enjoyed a 700 credit score and with real collateral equity of over $100,000 in the home property. Local lenders having this said information of credit and real collateral were all after the Plaintiff and his wife to do loans with them.

4.2. Defendant HLC. Lending Tree actions cause damages to both Plaintiff and his wife as well the home property. As here said at number 4.1. HLC. Lending Tree had no reasonable fair minded right to encumber Plaintiff his wife and home property with a predatory sub-prime loan product having such methodology that do not meet the needs of balancing the interest of the citizens it only meets the greed of the Defendant Bank. It further follows that such a loan product having rates with conditions and methodologies so predetermined in character to confiscation. Wherefore, the Plaintiff believes he is correct to seek the protection of this Honorable United States District Court when his home property remains under the full protection of the Constitution, it follows that whenever the Defendant Bank regulates in a manner that infringe the rights of the ownership in what is an arbitrary or unreasonable way and involves Federal Laws Statues Plaintiff should seek this Honorable Court protection.

4.3. Defendant HLC. Lending Tree actions herein already seen further cause damage to the Plaintiff his wife and home property through - predatory sub-prime loan products equity stripping,  negative amortization, increasing of debt, excelling principal balance, methodologies.

5. <u>DEFENDANT HLC. LENDING TREE VIOLATES FEDERAL LAWS STATUES AND
STATE OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT.</u>

5.1 Respectfully, the Plaintiff here asserts material facts of how Defendant HLC. Lending Tree knowingly and willfully use unlawful methods, acts, practices, of misrepresenting and misleading selling the Plaintiff wife into predatory sub-prime loan. On or around the first week of October 2006, the Defendant HLC. Lending Tree had mailed through the United States Interstate Mail an advertisement to the Plaintiff home property address. This mailer advertised aggressively a campaign of mortgage lending, which caused for the Plaintiff wife to have telephone communications with the here said Defendant. At the time and date Defendant HLC. Lending Tree conducted all its selling to the Plaintiff wife via Interstate U.S. Mail, Interstate, Telephone, and Internet. The only in person communications Plaintiff and his wife had with Defendant HLC. Lending Tree were with the two property appraisers sent by the here said Defendant to the Plaintiff home, and the closing agent for Defendant.

5.2  Plaintiff wife was concerned fearful of any loss of the $100,000 of real equity our home property had in it and the payment amount of Defendant HLC. Lending Tree loan product ever going up... Therefore, on several occasions she questioned Defendant in Interstate telephone communications making it very clear that we wanted no loan which stripped our equity and went up in payments at some latter date in the transaction. She was so very adamant with these issues that she made it clear that no loan would ever take place unless she was convinced that the factors would be safe from loss (loss of equity- and the payments remaining the same at all times). The Defendant with knowledge willfully mislead and misrepresented the truth by telling the Plaintiff wife that she had nothing to be concerned about that our home property would increase in value at the rate of 12% twelve percent each year, and that he would refinance the loan product into an other loan product before any payment increase. Both here said statements

6

made to Plaintiff wife by the Defendant HLC Lending Tree were in fact absolute unlawful acts

using methods and practices of selling the Plaintiff wife in direct violation of both Federal Laws

Statues and State of Florida Statues. Please see the here attached Exhibit number 2. (Certified

Affidavit showing clearly the misleading untruthful misrepresentation of facts. Using unlawful

process of selling by the Defendant HLC. Lending Tree).

5.3 Respectfully, at a minimum the Plaintiff his wife and home property had a right to receive the

"Intangible right of honest services"...and such actions on the part of the Defendant HLC.

Lending Tree as herein stated violated Florida State Statutes "Florida Deceptive and Unfair

Trade Practices Act," § 501.201 - 213 Fla Stat (2002) (FDUTP or "ACT"). Also §501.2075

(providing civil penalties for the wilful use of an unlawful method, act, or practice).

§501.2077(2) (providing the same for violations involving senior citizens or handicapped

persons).

5.4. Further the Defendant HLC. Lending Tree offers the Plaintiff wife a cash back option as a

condition of the loan product. The Plaintiff and his wife do not want to strip and/or loss any of

the $100,000 of real equity in the home property and therefore again make this clear to the

Defendant however the here said HLC Lending Tree Defendant uses this cash back offer again in

up selling practice. To no avail, the Plaintiff wife makes it perfectly clear (NO CASH BACK

WOULD BE ACCEPTED BY THE PLAINTIFF AND HIS WIFE).

6. DEFENDANT HLC. LENDING TREE VIOLATES FEDERAL LAWS STATUES.

6.1. On or around the end of October 2009 a local property appraiser appraises the Plaintiff and

his wife home property. This said appraiser appraisal for the Plaintiff and his wife home property

was $550,000. Plaintiff wife had Interstate telephone confirmation of this said dollar amount

7

appraisal where the Defendant HLC. Lending Tree confirms the said amount and further states

that with over $100,000 of real equity this was not enough for the loan. At which time and date

of this confirmation telephone communication the Plaintiff wife instructs that no loan is any

further wanted from the herein said Defendant nor any further business transactions are wanted.

In spite of the facts that the Defendant HLC. Lending Tree had been placed on notice by the

Plaintiff wife of no further contacts wanted and/or loan from the herein said Defendant, again the

Defendant is found to be calling the Plaintiff wife instructing that Defendant HLC. Lending Tree

has set an arranged time and date for Defendant second appraiser to come to the Plaintiff home

property to again appraise the property. This second appraiser appraises our property at $700,000.

Defendant HLC. Lending Tree has caused for over valuating the Plaintiff home property from

$550,000 to $700,000 ($150,000 overvalued). At the time and date of these herein said appraisal

actions it was not obvious to the Plaintiff and/or his wife why the Defendant HLC. Lending Tree

would not be satisfied with the $550,000 appraisal with over $100,000 of real equity collateral

and this situation was not ever again considered by the Plaintiff and his wife. Please see Exhibit

number 2. (Showing clearly that the Defendant was asked not to further pursue any loan action

with the Plaintiff wife and also address the over appraisal issues). Only after the passing years

and Defendant flipping so quickly the loan did it become an issue of concern - it is obvious that

the over valuating of Plaintiff home property was to influence the acceptance of the loan and

further acceptance by any and all whom would be involved in purchasing the Note and

Mortgage... Respectfully, the here said action on the part of Defendant HLC. Lending Tree is a

violation of Federal Laws Statue 18 U.S.C. §1014.

7. DEFENDANT HLC. LENDING TREE VIOLATES FEDERAL LAWS STATUES AND THE

## AMERICANS WITH DISABILITIES ACTS.

7.1. On or around November 12th 2006 Defendant HLC. Lending Tree had sent to the Plaintiff

home property Defendant signing agent. This here said Defendant signing agent came into the

Plaintiff and his wife home property just before bedtime and after Plaintiff had taken 200 mgs of

morphine and strong sleeping narcotics 30 mg temzepam, and 10 mg enalapril, all combined

narcotics causing Plaintiff absolute incoherence. Plaintiff made it known that he is disabled with

spinal cord injuries and had taken his medications for the night preparing to go to sleep. The

defendant signing agent apologized for coming to the home so late and explained that HLC.

Lending Tree was keeping her busy signing mortgage loans. With knowledge the here said

Defendant agent pushed to process the financial instruments - stating that they had to be signed

that night or the loan would be lost. The medications herein said are time released and Plaintiff

had no control over the effects of the narcotics which caused him to be totally impaired. It was

embarrassing to have a stranger whom is a Grandmother looking lady in your home and feeling

ashamed that she would be offended in your home is very uncomfortable situation for the

Plaintiff and his wife. Especially when neither Plaintiff or his wife had anticipated that any

misconduct wrongs would be performed by this lady... Plaintiff was wrong the Defendant here

said agent was in the Plaintiff home for 20 - 25 minutes of which most of the time was spent

speaking about her personal life and how busy she was signing mortgages. Then without any

disclosure financial instruments were being pushed around with no disclosure just sign here type

of transaction. Respectfully, the Plaintiff believes and therefore alleges that such action on the

part of Defendant HLC. Lending Tree are violations of Federal Laws Statues Truth in Lending

"Acts" 15 U.S.C. 1601 - the "Acts" Plaintiff believes the "Acts" affords (disclosure so that all

persons are informed has awareness through meaningful disclosure to protect the consumers

against inaccurate and unfair practices). Plaintiff as the home property owner had the same rights

as all persons are afforded under the "Acts" including disclosure of all documents prior to any

encumbering of his home property and before signing of any document used to accomplish

encumbering his home property. To discriminate through excluding Plaintiff by means of no

disclosure and none willingness to accommodate in any way at any time and/or date. With

nothing ever mailed to the Plaintiff addressed to him and or to him and his wife ever. With no

financial instruments personally given to him. Further to with knowledge and wilfully have

treated Plaintiff as herein said was intentional discrimination of a aging disabled American in his

home place. Respectfully, such actions are violations of the Americans with Disabilities Acts.

Congress has authorized Federal Court enforcement of the ADA Acts. Respectfully, the Plaintiff

asserts that the Fourteenth Amendment protection are proper and enforcement is also authorized

through the ADA.

7.2. The Plaintiff understands that for a person without any disability living life pain free without

living on daily intake of Morphine and heavy narcotics it is impossible to understand how these

actions herein stated could ever take place. Makes no commonsense what so ever and Plaintiff

understands this because he up until December 2001 also enjoyed a great life absent any pain and

never would think of taking Morphine not in a million years. Therefore he understands what the

first impressions of the normal healthy reader of this document would be. Not very favorable. . .

Therefore please try to imagine your life like this - you do not want to know anything nothing at

all that brings on the pain. With the Morphine you will have no desire to accomplish anything

just want to close your eyes and drift, drift falling in and out of half awake and half asleep, will

not want to communicate at times because of the effects of the drugs. You know you are going to uncontrollable drift shut down. Image you can not find your keys to your home just before going out so you look every place for them for near an hour none stop you look and look for your keys and now your late for your doctor appointment then finally you find your keys (where) ? (in your own hand). Any one watching and not knowing what you were looking for would think everything is normal he has lost something and is trying to find it. . . Meanwhile what you had been looking for near an hour has all along been right in your hand. So now how is it that the Plaintiff did not know anything about the herein said predatory loan pushed upon him and encumbering his home property (until after he had discontinued all narcotics other than the Morphine and until he had lowered drastically the dosage over a period of time from 200 mgs each and every day to 60 mgs a day now ?). Please see the Exhibit number 2. (Affidavit showing cause and effects of Plaintiff drug use over nearly 10 years each and everyday). Plaintiff hopes this shared privet information some how will allow all that read it if just for a moment some insight of the life of a disabled person. Now you ask yourself but how can one do what the Plaintiff is doing in his litigation? It is near impossible. But for even while disadvantaged with great efforts one whom is different because of disability can be equal through learning how to compensate as much as possible. People like the Plaintiff do not want to be treated with pity or differently. Just want to be understood and given a chance to be treated equal. Therefore, the reason I have shared this. Hope no reader is offended by what here shared. . . It is true the saying "you can not judge a book by its cover," people like the Plaintiff whom do not have seeable physical deformities learn how to appear in public and when not to go outside.

8. DEFENDANT HLC. LENDING TREE LOAN FLIPS THE NOTE AND MORTGAGE AND

THE LACK OF TIMELY CLEAR DISCLOSURE CAUSE DAMAGES CONFUSION.

8.1. HLC. Lending Tree within 90 days of the predatory loan products processing flips the loan

Note and Mortgage. Now the Defendant Attorneys state they do not have any Original documents

related to the Note and Mortgage for Plaintiff home property. Respectfully, the Plaintiff asserts

that each and every Exhibit used to support any actions asserted by the both Defendants have

been copies of copies. The Plaintiff is the only one whom has all Originals of the financial

instruments, and will use them at trial to prove his case. The herein stated copies of copies are

highly suspect. After HLC. Lending Tree loan flipped Plaintiff wife could not keep track for sure

of whom was either the new holder and/or the servicing entity for the Note and Mortgage

resulting in damages to the Plaintiff his wife and home property as herein will more fully appear.

9. DEFENDANT ALS ADMITTED TO NOT HAVING ORIGINAL FINANCIAL

INSTRUMENTS NOTE AND MORTGAGE AND VIOLATES FEDERAL LAWS STATUES.

9.1. ALS causing damages via lack of proper disclosure as to whom ALS was and/or is in

relationship to the Plaintiff and his wife home property Note and Mortgage holder. Please see the

Exhibit number 2 (Certified Affidavit showing clearly that ALS will not cooperate with giving

proper disclosures concerning whom are they ALS, and whom is the true holder for Plaintff and

his wife home property Note and Mortgage).

10. ALS VIOLATES FEDERAL LAWS STATUES.

10.1. ALS causing further damages while violating Federal Laws Statues. Please see the original

Complaint Exhibit number 3. (Proof of Service Certified Fax requesting from Defendant ALS to

give the true and proper payoff for the Plaintiff and his wife home property). Further on or

around early October 2009 the Plaintiff wife personally called Defendant ALS requesting a true

and proper payoff for home property and the name and address of the proper lien holder whom to

payoff the Note and Mortgage to. The here said Defendant failed to ever give the requested

information to the Plaintiff wife she therefore asked the Plaintiff to fax a certified legal payoff

request to the Defendant. Which in fact Plaintiff faxed this herein said documented request for

payoff. In fact after weeks had past with no disclosure made by the Defendant ALS concerning

payoff the Plaintiff again faxed the request for payoff to the Defendant and after nearly a month

had past since the first request for payoff had been made still no response was ever received from

the Defendant. Respectfully, such actions as herein stated on the part of ALS violate Federal

Laws Statues. 15 U.S.C. §1615., Quoting in part §1615 "before the end of the 5 day period

beginning on the date an oral or written request is received by a creditor from a consumer for the

disclosure of the amount due on any pre computed consumer credit account, the creditor or

assignee shall provide the consumer with a statement of (a) the amount necessary to prepay the

account in full; and (b)- if the amount disclosed pursuant to subparagraph (a)- includes an

amount which is required to be refunded under this section with respect to such prepayment, the

amount of such refund. Respectfully, the Plaintiff believes the original Compaint Exhibit number

3 (Shows clearly that Defendant ALS had not respected the obligation to the Federal Laws Statue

§1615). ALS caused damages made it impossible for the Plaintiff and his wife to arrange to

payoff our home property and/or place it on the market for sale, Plaintiff will prove just how very

much ALS has damaged the Plaintiff and his wife.

11. ALS DEFENDANT VIOLATES FEDERAL LAWS STATUES CAUSING DAMAGES

11.1. Defendant ALS refuses to cooperate is forever sending documents and letters stating that

the Plaintiff wife has not made payments while in fact payments had been made and received by

ALS. Please see Exhibit number 1. Also Original Complaint absolute proof document Exhibit. (Certified document clearly showing that several payment had been made and received by ALS while they are stating that no payment had been made and ALS own records prove they had received each of the payments). This same actions on the part of Defendant ALS are found to have taken place several time and the Plaintiff wife is found spending her days faxing and overnighting certified proofs of payments made and received by ALS. ALS each time is also found to have shown from the records that the payments reported not received had in fact been logged on ALS own records, while still ALS never corrects these errors of billings never corrects the documents they send to reflect the correct information. Such action on the part of Defendant ALS is violations of Federal Laws Statues. 15 U.S.C. §1601 - seen also in the regulations under billing errors obligation of creditor to correct.

11.2. ALS reports payments not made to the credit reporting agents when in fact reported payments had been made and Plaintiff wife had sent certified proofs bank statements showing paid and received by ALS. Such action on the part of Defendant ALS have caused damage to the Plaintiff and his wife and our home property. Damage to the credit of the Plaintiff wife whom herein has submitted documented proof of her having a 700 credit score before ALS made false reports to the credit agencies. Such actions caused damage because the herein stated actions on the part of ALS caused the credit card companies to use the negative information to increase all the credit card payments which in time resulted into financial difficulties in the home. ALS violated Federal Laws Statues causing damages. 15 U.S.C. §1601 - fair credit reporting "Acts".

12. <u>ALS VIOLATES FEDERAL LAWS STATUTES ABUSES OUR HOME TELEPHONE VIOLATES INTERSTATE TELEPHONE ACTS.</u>

14

12.1. ALS is found to be calling the Plaintiff home telephone nearly everyday and at times more

than once in a day. They jam the telephone line by intercepting the home line in a manner were

the phone is heard to ring one time with no one in the home answering the call ALS can be heard

talking as if someone had in fact picked up the phone after that one ring. ALS by some means

was able to access the home telephone system and place the call on hold and allow the recording

time and space to be used up completely with music playing and a voice saying sorry for the

inconvenience please hold and someone will be right with you - while in fact no one in the home

had called ALS. Plaintiff can prove these allegation at trial. Respectfully, such actions on the part

of Defendant ALS are Federal Interstate Laws violations. Federal Interstate Communications

Acts. Please see Exhibit number 2 (Certified Affidavit showing detailed accounting of on going

abusive wilfully oppressive and retaliatory actions on the part of ALS).

12.2. ALS is found to have received copies of copies of financial instruments from HLC.

Lending Tree which ALS has been using to charge payments and fees not due. . .

12.3. Respectfully, the Plaintiff asserts that his Medical Records and his Doctor a Hybrid Expert

shall be offered at trial - also Plaintiff will prove through Original Financial Instruments and

Hybrid Expert witness and other witness each and every herein allegation.

12.4. The both herein said Defendant have caused damages to the Plaintiff his wife and home

property in excess of 1. Million dollars and the Plaintiff respectfully reserves his right to have a

Professional Economist assist in computation further of money damages.

12.5. As a direct and proximate result of such negligent conduct as herein said, Plaintiff is

entitled to damages that will reasonably compensate him for all loss and harm, suffered by

Plaintiff and caused by Defendant's conduct, according to Law. Plaintiff further request punitive

15

damages in that doing the acts herein alleged, Defendant, and each of them, acted with

oppression, fraud and malice, willfully and wantonly, and thus Plaintiff is entitled to punitive

damages in an amount according to Law.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For money damages according to proof, plus interest as provided by Law, including but not

limited to Florida Civil Codes for damages certain or capable of being made certain.

2. For cost to the Government.

3. For punitive damages according to proof and

4. For an order further declaring totally void and forever canceled all financial instruments Note

and Mortgage any and all each and every document pertaining to this cause of action and the

subject matter Plaintiff and his wife home property which is subject in part this cause of action

said financial instruments held by the Defendants, and or any and all whom are unknown to the

Plaintiff due to both Defendants, not having Original Note and Mortgage whom Defendants,

could have assigned said Note and Mortgage therefore, every entity, person, persons, Company,

Corporation, LLC, business, private and or public shall have no enforcement rights to any of the

subject documents herein said. Further any and all further relife as this Honorable Court may

deem proper.

Date Amended:10/14/2010

s/ _Richard S. Sergeon_
Richard S. Sergeon Plaintiff Pro Se
2 Dondanville Rd. Condo # 711
Saint Augustine, Fl. 32080
(904) 315-5008

**DEMANDED FOR JURY TRIAL**
Plaintiff hereby demands a trial by jury herein.

Proof of Service
I, Richard S. Sergeon Plaintiff Pro Se, HEREBY Certify date:10/14/2010 that I have via hand

delivery delivered this Amended Complaint with Exhibits to the Honorable Clerk of this Honorable United States District Court for filing. Also date 10/15/2010 that I, via U.S. Mail return receipt requested mailed true copies of the same to the Defendants, Attorneys of record whom each have agreed to accept service via Mail.

s/ *Richard S. Sergeon*
Richard S. Sergeon Plaintiff Pro Se.

## PROOF OF PARTIES CONFERRING

I, Richard S. Sergeon Plaintiff Pro Se, HEREBY Certify date:10/14/2010 via telephone communications I, Conferred with both Attorneys for Defendants whom both agreed to waive Service and accept proof of service via U.S. Mail this Amended Complaint and its Exhibits. However both Attorneys for Defendants, would not agree to Plaintiff filing his Amended Complaint.

s/ *Richard S. Sergeon*
Richard S. Sergeon Plaintiff Pro Se
2 Dondanville Rd. Condo # 711
Saint Augustine, Fl. 32080
(904) 315-5008

## VERIFICATION

I, Richard S. Sergeon, herby swear and affirm that the forgoing Amended Complaint with Exhibits and all allegations therein are true and correct to the best of my knowledge.

By: *Richard S. Sergeon*
Richard S. Sergeon Plaintiff Pro Se
2 Dondanville Rd. Condo # 711
Saint Augustine, Fl. 32080
(904) 315-5008

STATE OF FLORIDA
COUNTY OF SAINT JOHNS

The forgoing instrument was acknowledged before me this 14th day of October, 2010, by Richard S. Sergeon, who
[ ] is personally known to me or

[X] has produced Fla drivers lic _S 625 757 46-266-0_ as identification.

s/ *Paul Basso*
Notary Public:
Commission No: DD748254
My Commission Expires: 3-4-12

NOTARY PUBLIC-STATE OF FLORIDA
Paul Basso
Commission # DD748254
Expires: MAR. 04, 2012
BONDED THRU ATLANTIC BONDING CO., INC

17